## NORTHERN DEPARTMENT—EASTERN DIVISION.
## JUNE TERM, 1896.

W. H. BROWN, *as Sheriff of Jefferson County, Kansas, et al.*, v. MARION S. MORRIS.

### No. 110.

REPLEVIN—*Erroneous Instruction.* In an action of replevin, where there is an entire absence of any evidence as to the amount of damages sustained by the plaintiff by reason of the unlawful detention of the property in controversy, it is error to instruct the jury that in determining that question they may apply the common knowledge possessed by them as to the value of its use during the period covered by its unlawful detention.

MEMORANDUM.—Error from Jefferson district court; ROBERT CROZIER, judge. Action in replevin by Marion S. Morris against W. H. Brown, as sheriff of Jefferson county, and others. Judgment for plaintiff. Defendants bring the case to this court. Modified. The opinion herein, filed June 5, 1896, states the material facts.

*Wm. F. Gilluly*, for plaintiffs in error.
*Morse & Morse*, for defendant in error.

The opinion of the court was delivered by

CLARK, J.: Marion S. Morris brought this action in the district court of Jefferson county against W. H. Brown, as sheriff of said county, and The Moline Plow Company. The petition alleged that the plaintiff was the owner and entitled to the immediate possession of three certain horses which the defendant had wrongfully and unlawfully levied upon and sold as the property of one H. Jacobs, by virtue of a certain execution

issued upon a judgment rendered in an action wherein the Moline Plow Company was plaintiff and the said Jacobs was defendant; that the defendants had sold, used and converted said property to their own use and benefit, to the damage of the plaintiff in the sum of $700; and he demanded judgment for the value of the property, which he alleged to be $425, and for damages in the sum of $225, which he claimed to have sustained by reason of said wrongful and unlawful seizure, detention, and conversion. The sheriff answered, first, by general denial, and, second, by admitting the levy and sale under the execution, and alleging that the plaintiff and the said Jacobs had "fraudulently conspired together to wrongfully and unlawfully defeat the collection from said Jacobs of the amount of the judgment against him in the action against him in which the execution therein mentioned was issued for its collection, and in furtherance of said illegal and unlawful design on their part have commenced and are now prosecuting this action, to the damage of defendants in the sum of $200," for which he prayed judgment. The jury returned the following verdict:

"We, the jury impaneled and sworn in the above-entitled action, do upon our oaths find the right of property and right of possession to be in the plaintiff, the value thereof to be $200, and assess the damages for the detention thereof at $60."

A motion for a new trial was overruled, and a judgment was rendered that

"Said defendant W. H. Brown return forthwith to said plaintiff, M. S. Morris, the personal property described in plaintiff's petition, to wit: 1 sorrel horse, 4 years old, 15½ hands high; 1 black horse, 8 years old, about 16 hands high; 1 bay horse, about 15½ hands high, 9 years old, in as good and marketable

condition as when seized and taken by said plaintiff
from the said defendants on the 4th day of December,
1891, together with $60, as damage for the detention
of the above-described personal property, and costs of
this action to be taxed at $———.   It is further or-
dered and adjudged by the court, that if said property
is not returned as aforesaid, the plaintiff should have
and recover of and from the said defendant W. H.
Brown the sum of $260, together with the costs of this
action as aforesaid ; hereof let execution issue.''

There is nothing in the record to show any serv-
ice upon or appearance by the defendant the Moline
Plow Company, yet it is here with the sheriff com-
plaining of the judgment rendered against Brown.

The plaintiffs in error base their right to a reversal
of the judgment upon the rulings of the court in the
admission of evidence, and the instruction to the jury,
and also claim that the damages allowed were excessive.
We have been unable to discover any prejudicial error
committed by the court in its rulings upon the admis-
sion of evidence.   The plaintiff established a clear title
to the property and his right to its possession.   The
evidence as to the value of the property was very con-
flicting, the plaintiff placing it at $425, while one of
the witnesses for the defendants estimated its value
at not exceeding $100.   It was the province of the
jury to determine from the conflicting evidence the
value of the property in controversy.   They did so,
and their finding upon this question was warranted
by the evidence.

The court instructed the jury :

'' This suit was instituted by Mr. Morris to recover
possession of these horses, but failing to get the horses
upon a writ of replevin, it becomes an immaterial mat-
ter, so far as the jury is concerned, whether it is an ac-
tion of replevin, or something else, because you have to
find the same findings of fact either way.   The court

will render a judgment on the finding you make.
. . . Mr. Morris in this suit claims that he was the
owner of that property; that is the main issue now.
Who was the owner of that property at the time of that
levy?   Was it Mr. Morris or Mr. Jacobs?   . . .   If
it was the property of Jacobs, that is the end of the case,
and you must find for the defendant; but if you should
find that it is the property of Mr. Morris, then the
next finding for you to make would be, What was the
value of that property at the time it was taken?   . . .
It is for you to find, if it belonged to the plaintiff in
the first place, what the value of it was, and also find
in addition to that, what was the value of the use of
it; in other words, What was the damage sustained by
this man, if any, by reason of being deprived of the
use of his property, from the time it was taken away
from him, if taken wrongfully, up to the present
time?   Now, I do n't believe there was any testimony
in this case to show what the value of the use of such
animals was down to the present time, but the jury
may apply what common knowledge they have, if any,
as to the value of the use of such animals to this time,
and render judgment then for the damage on account
of their detention.''

The latter portion of this instruction is the one
complained of by the plaintiffs in error.   As we con-
strue the pleadings, this is an action for conversion of
personal property, and if so, then we think the meas-
ure of damage would be the interest on the value of
the property from the date of its conversion to the
date of the verdict.   However, the cause of action as
set forth in the pleadings seems to have been treated
by the parties and the trial court as one in replevin.
The case was evidently tried upon that theory, and
we will, therefore, adopt that construction of the
pleadings.   As so construed, the measure of damages
in this case was correctly stated by the court.   But it
was certainly prejudicial error to instruct the jury

that they might determine the value of the use of the property by the common knowledge possessed by them with reference thereto. There is an entire absence from the record of any evidence tending to show that the plaintiff sustained any damage by reason of the unlawful detention of his property by the defendants; hence, no instruction should have been given upon that point. The instruction that the jury might assess damages, although none were proven to have been sustained, was clearly erroneous, and as the finding as to the value of the use of the property has no support in the evidence, the court erred in including in the judgment the damages as assessed by the jury for the detention of the property; and because of such error the case will be remanded to the district court of Jefferson county, with directions to modify the judgment by reducing the amount thereof to $200, the value of the property as found by the jury.

The judgment as so modified will be affirmed.

All the Judges concurring.